UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **BRIANA DOMINIK CHRISTIANSEN,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **CAROLYN W. COLVIN,** ) <br> **Acting Commissioner, Social Security** ) <br> **Administration,** ) <br> ) <br> **Defendant.** ) | Civil Action Number <br> **5:14-cv-1314-AKK** |

## MEMORANDUM OPINION

Plaintiff Briana Dominik Christiansen ("Christiansen") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). Doc. 1. The court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standard and that his decision denying benefits—which has become the decision of the Commissioner—is due to be **REVERSED.**

### I. Procedural History

Christiansen filed her application for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on July 6, 2011, alleging a disability

onset date of July 1, 2011 due to diabetes, gastroparesis, and diabetic retinopathy. (R. 152, 154, 157). After the SSA denied her application, Christiansen requested a hearing before an ALJ. (R. 73). The ALJ subsequently denied Chritiansen's claim, (R. 16-25), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-3). Christiansen then filed this action pursuant to § 205(g) of the Act, 42 U.S.C. § 205(g), on July 8, 2014. Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). While judicial review of the ALJ's findings is limited in scope, review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701. Significantly, the court must be satisfied that the decision of the ALJ "is grounded in the proper application of the appropriate legal standards," *id*., and "[f]ailure to apply the correct legal standards . . . is grounds for reversal," *Bowen v. Heckler,* 748 F.2d 629 (11th Cir. 1984).

## III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)   whether the claimant is currently unemployed;

(2)   whether the claimant has a severe impairment;

(3)   whether the impairment meets or equals one listed by the Secretary;

(4)   whether the claimant is unable to perform his or her past work; and

(5)   whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to

prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself*. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

### IV. The ALJ's Decision

In performing the five step analysis, the ALJ found that Christiansen had not engaged in substantial gainful activity since July 1, 2006, and therefore met Step One. (R. 18). Next, the ALJ found that Christiansen satisfied Step Two because she suffered from the severe impairments of "type I diabetes mellitus and a generalized anxiety disorder . . . ." *Id*. The ALJ then proceeded to the next step and found that Christiansen did not satisfy Step Three since she "[did] not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ." (R. 19). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, he proceeded to Step Four, where he determined that Christiansen has the residual functional capacity (RFC) to:

> [L]ift and/or carry, including upward pulling, 20 pounds and frequently up to 10 pounds; stand and/or walk with normal breaks for a total of about six hours in an eight-hour workday; and sit with normal breaks for a total of about six hours in an eight-hour workday. She has no limitations in the upper or lower extremities for pushing or pulling or the use of foot controls. She can occasionally climb ramps and stairs and frequently balance, stoop, kneel, and crouch. She should not work on ladders, ropes or scaffolds or around hazardous machinery or unprotected heights. Frequently is defined as up to [two-thirds] of the work day and occasionally is defined as up to [one-third] of the workday. She is capable of understanding and remembering simple and detailed instructions, capable of managing tasks that are complex and detailed, and is able to maintain attention and concentration for two-hour increments across an eight-hour workday with all regular breaks. Any contact with the public should be casual and on a frequent basis, any supervision should be on an occasional basis, and any changes in the workplace should be gradually introduced and well explained.

(R. 25). Therefore, the ALJ found that Christiansen "has not been under a disability, as defined in the Social Security act, from July 1, 2006, through the date of [the ALJ's] decision." *Id*.

## V. Analysis

As Christiansen points out, her case "stands or falls on [her] fight with . . . diabetes." Doc. 8 at 12. In January 2013, the ALJ decided that while Christiansen

indeed suffers from type I diabetes mellitus, her condition does not meet or medically equal the listing criteria for diabetes mellitus as set forth in listing 9.08. (R. 19-20). At the time of the ALJ's decision, however, the SSA had deleted listing 9.08 and replaced it with listing 9.00. *See* Revised Medical Criteria for Evaluating Endocrine Disorders, 76 Fed. Reg. 19,692 (Apr. 8, 2011) (to be codified at 20 C.F.R. pts. 404 and 416). Stated differently, prior to when Christiansen applied for benefits, listing 9.08 evaluated diabetes mellitus by inquiring whether the claimant suffered from neuropathy, frequent episodes of diabetic ketoacidosis, or severe retinal inflammation. *See Brown v. Astrue*, 280 F. App'x 872, 877 (11th Cir. 2008). However, effective June 7, 2011, the SSA deleted listing 9.08 and published new medical criteria for evaluating diabetes mellitus. *See* Revised Medical Criteria for Evaluating Endocrine Disorders, 76 Fed. Reg. 19,692.[2] To replace the original listing 9.08, the revised listing 9.00 required claimants suffering from an endocrine disorder, including diabetes, to show that their illness caused a listed condition for another body system in order to satisfy Step Three of the SSA's five-part sequential analysis.[3] *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 9.00.

---

[2] From time to time, the SSA revises the criteria in the listings to "reflect advances in medical knowledge, treatment, and methods of evaluating . . . impairments." *Brown v. Barnhart*, 370 F. Supp. 2d 286, 290 (D.D.C. 2005) (citation and internal quotation marks omitted).

[3] For example, recurrent episodes of diabetic ketoacidosis can result in cardiac arrhythmias, which are evaluated under listing 4.00, intestinal necrosis, which is evaluated under listing 5.00, and cerebral edema and seizures, which are evaluated under listing 11.00.

The court concludes that the ALJ—in applying the original listing 9.08 instead of revised listing 9.00—applied the improper legal standard to evaluate Christiansen's diabetic condition. As this court has previously explained, in adopting new listing criteria for diabetes mellitus, the SSA clearly intended that listing 9.00 would apply "to new applications filed on or after the effective date of the final rules . . . ." *Buttram v. Colvin*, No. 4:13-CV-00390-AKK, 2013 WL 6225238, at *4 (N.D. Ala. Nov. 20, 2013) *aff'd sub nom. Buttram v. Soc. Sec. Admin., Com'r*, No. 14-10316, 2014 WL 6676987 (11th Cir. Nov. 26, 2014) (citing Revised Medical Criteria for Evaluating Endocrine Disorders, 76 Fed. Reg. at 19,692) (internal quotation marks omitted). In Christiansen's case, listing 9.00 went into effect on June 7, 2011, prior to the date of her application on July 6, 2011, which means that the ALJ should have applied listing 9.00 to evaluate Christiansen's diabetes mellitus. Accordingly, while the court expresses no opinion regarding whether Christiansen meets the criteria in the original listing 9.08 or revised listing 9.00, the court concludes that the ALJ committed reversible error in applying listing 9.08 to Christiansen's case. *See Rodriguez ex rel. V.R. v. Comm'r of Soc. Sec.*, No. 1:13-CV-02152 ALC, 2014 WL 4792076, at *1 (S.D.N.Y. Sept. 25, 2014) (reversing where ALJ applied listing 9.08 to claim filed after listing 9.00 went into effect).

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ failed to apply the proper legal standards in reaching his determination. Therefore, the Commissioner's final decision is due to be **REVERSED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 2nd day of March, 2015.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE